## STATEMENT OF FACTS

On Sunday, August 24, 2025, at approximately 12:11 a.m., Officers from the MPD Special Missions Unit (SMU) along with federal agents were on patrol in the 7th District operating under the Federal Law Enforcement Surge Task Force. Officers and federal partners were on patrol in this area as officers have had numerous firearm and narcotics seizures from the 2900 block of Knox Place, SE, Washington, DC.

As officers drove up to the intersection of Hartford Street and Knox Place, they observed individuals outside in the 2900 block of Knox Place, SE. When officers turned to go down the street, they observed Kurono Scutchings ("**SCUTCHINGS**"), speaking to another person. Officers observed **SCUTCHINGS** stop talking to the other person and immediately move straight to the driver side of a vehicle. **SCUTCHINGS** continued to look in the officers' direction as they drove up to the parked vehicle. At that time, **SCUTCHINGS** got into driver's side of the vehicle as officers began to exit their vehicle. Through the officers' training and experience, it is typical for individuals to try and flee the area of an open-air drug market like the 2900 block of Knox Place, SE at the sight of officers when they are in possession of illegal contraband.

Officers walked up to **SCUTCHINGS**, who was now sitting in the driver seat of the vehicle for further investigation. Officers tapped on the window of the vehicle **SCUTCHINGS** was in and noticed that **SCUTCHINGS** had a small clear plastic bag in his right hand. Officers asked **SCUTCHINGS** what was in the small clear plastic bag, and **SCUTCHINGS** responded that it was just weed; however, **SCUTCHINGS** would not show officers the content of what was in the clear bag. At that time, officers directed **SCUTCHINGS** to get out of the vehicle, and **SCUTCHINGS** handed them the clear bag. The bag contained a white rock like substance of suspected cocaine base. **SCUTCHINGS** was then placed under arrest for the possession of a controlled substance.

While officers were conducting a search incident to arrest of **SCUTCHINGS,** from **SCUTCHING's** compression shorts in his groin area, officers recovered an FN, Five-Seven, semi-automatic firearm, S/N: 386176221, and 20 rounds of 5.7x28mm ammunition (19 in the magazine; 1 in the chamber), with a 20-round capacity magazine. 5.7x28mm ammunition is known to pierce level IIIA body armor, which is standard issue for most law enforcement officers.

The firearm appeared to be fully functional, able to be fired with one hand, had a barrel of less than twelve inches, and could fire a projectile by means of an explosive. It should also be noted that there are no firearms or ammunition manufacturers in the District of Columbia and therefore, the firearm and ammunition in this case would have traveled in interstate commerce. While at the station, officers ran the serial number of the firearm and determined that it had been stolen from Prince George's County, Maryland.

In addition, officers recovered a clear bag containing blue vials with a white powdery substance inside and a clear bag of green caps with a white powdery substance inside from the center console of the vehicle next to the driver's seat. Based on law enforcement's training and experience in narcotics, they are aware that individually packed vials and caps are more indicative of an individual attempting to sell an illegal narcotic as opposed to having it for personal use. The

blue vials (weighing approximately 16 grams) field tested positive for fentanyl, the green caps (weighing approximately 7 grams) field tested positive for fentanyl, and the clear bag with white rock substance (weighing approximately 13 grams) field tested positive for crack cocaine. The fact that three different types of narcotics were possessed in distribution quantities close to a firearm also indicates that the firearm was possessed in furtherance of **SCUTCHINGS'** drug trafficking.

      A law enforcement query confirmed that the firearm was not registered in the District and that **SCUTCHINGS** did not have a concealed carry permit. A review of **SCUTCHINGS'** criminal history revealed that **SCUTCHINGS** was convicted of Robbery in 2019 in the Superior Court of the District of Columbia and was sentenced to 30 months' incarceration. Therefore, at the time **SCUTCHINGS** possessed the firearm and ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year and had knowledge of that fact.

      As such, your affiant submits that probable cause exists to charge **SCUTCHINGS** with violations of 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition By a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) and 18 U.S.C. § 924(c)(1) (Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense).

_____
Special Agent Aaron Thomas
Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1. by telephone, this 25th day of August, 2025.

_____
HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE